APPENDIX

BRONX DISTRICT ATTORNEY'S STATEMENT JOINING DEFENSE MOTIONS TO VACATE SUPREME COURT: CRIMINAL TERM

The People join the defense motions to vacate the convictions on the ground that the judgments were obtained in violation of the defendants' constitutional right to due process of law pursuant to C.P.L. §440.10(1)(h). Former NYPD Narcotics Detective Joseph Franco has been indicted in New York County on multiple charges of perjury and official misconduct in connection with his work as a narcotics detective in Manhattan in 2017 and 2018. More specifically, former Detective Franco has been indicted on four counts of perjury for false statements that he made during four separate Grand Jury proceedings. He is also charged with nine counts of offering a false instrument for filing based on false information contained in police reports that he submitted, and three counts of official misconduct for providing information that led to the search and seizure of citizens where there was no probable cause for their seizure. These acts of perjury, false filing, and misconduct, led to the wrongful convictions of three individuals. Prosecutors at the Manhattan District Attorney's Office discovered Franco's wrongdoing when they viewed surveillance video of the three locations where the purported crimes occurred. In all three cases, Franco claimed that he had seen the defendants exchange drugs for money, but surveillance video showed that the defendants were not visible on the video, and based on where Franco was positioned, he could not have seen the transaction that he described and claimed, under oath, to have seen. Although the criminal charges against Franco are currently pending, Franco was terminated from NYPD in April 2020, after having been found guilty at a departmental trial. The powerful and compelling evidence that Franco lied to a grand jury on multiple occasions, falsified documents and evidence in the way that he did completely undermines his credibility and reliability as a police witness in any prosecution involving a similarly situated undercover or observation sale of illegal narcotics.

Former Detective Franco worked as an undercover narcotics detective in the Bronx from 2011-2015. The Conviction Integrity Bureau at the Bronx District Attorney's Office has been reviewing the narcotics-related convictions in which Franco played a role. These convictions are generally based on charges relating to an alleged undercover hand-to-hand sale of narcotics, an alleged observation sale of narcotics, or an alleged simple possession of narcotics for personal use. The purported criminal conduct alleged by Franco in these matters occurred years before the episodes in Manhattan where Franco committed perjury. Accordingly, Franco's misconduct and the crimes he committed could not have been known or discovered by the People or the defendants at the time that they were prosecuted. Nevertheless, because Franco's credibility is now so completely compromised, we are recommending that the court vacate the narcotics-related convictions in the cases we have identified where the prosecution materially relied on sworn testimony or evidence supplied by Franco. These are cases where Franco, acting in his capacity as an undercover officer, alleged either that he observed a narcotics transaction, or that he acted as an undercover and exchanged pre-recorded buy money for drugs. In many of these cases, there was little or no independent evidence—separate and apart from evidence that depended on Franco's credibility— to corroborate Franco's account. The surrounding circumstances of these cases are similar in kind and nature to the Manhattan cases in which Franco committed perjury. Furthermore, in each of the cases we have identified, the evidence

supplied by Franco was critical and if the case were to proceed to trial today, the People would not be able to prove the defendant's guilt without calling Franco as a witness and relying upon his credibility. Franco's perjurious conduct in Manhattan under similar circumstances—while acting as a narcotics detective observing street sales—has caused us to lose confidence in his credibility in these cases and, therefore, in the reliability of the convictions. The fundamental lack of credibility in the evidence provided by a necessary government actor suggests a lack due process. Under these rare circumstances, we join the defense motions to vacate the convictions. Furthermore, taking into account the burden of proof at trial, the punishment the defendants have already served, the impact of a dismissal on the public's confidence in the criminal justice system and the welfare of the community, the People believe that the interests of the community are best served by not pursuing a further prosecution of these matters. Accordingly, in an exercise of our discretion, we move to dismiss the charges.

4